MAI X. LEE AND YENG THAO LEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Lee v. Commissioner
Docket No. 18093-90
United States Tax Court
T.C. Memo 1991-120; 1991 Tax Ct. Memo LEXIS 138; 61 T.C.M. (CCH) 2180; T.C.M. (RIA) 91120; March 19, 1991, Filed *138 David Walter Body, for the petitioners. William A. Eddy, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM OPINION This matter is before the Court on petitioners' Motion for Award of Reasonable Litigation and Administrative Costs pursuant to section 7430 and Rule 231, and on respondent's Motion to Dismiss for Lack of Jurisdiction. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. On April 28, 1989, respondent issued a notice of deficiency to petitioners. On October 9, 1990, respondent filed a Motion to Dismiss for Lack of Jurisdiction. In his motion respondent admitted that the notice of deficiency was not mailed to petitioners' last known address. The parties are in agreement that this case should be dismissed for lack of jurisdiction on the ground that the notice of deficiency is invalid. The parties are also in agreement that petitioners are entitled to litigation costs in the amount of $ 1,813.70, under section 7430, if respondent's position during the administrative or court proceedings was not substantially *139 justified. Whether or not respondent's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as legal precedents relating to the case. , affd. . Petitioner has the burden of establishing that respondent's position was unreasonable. Rule 232(e). Under section 7430(c)(7)(B)(ii) the administrative position of respondent means the position taken in the administrative proceedings as of the earlier of the receipt of the appeals decision or the date of the notice of deficiency. Section 7430(c)(5) defines administrative proceeding as any procedure or other action before the Internal Revenue Service. Under section 7430(c)(7)(A) the court position of respondent means the position taken in the judicial proceeding. Section 7430(c)(6) defines "court proceeding" as "any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)." Accordingly, the time period begins in this case with the date of the notice of deficiency since there was no appeals proceeding. *140 Respondent argues that his position was reasonable in that the notice of deficiency was mailed to the address furnished by the Postal Service. However, as set forth above, we are not concerned with respondent's position prior to the issuance of the notice of deficiency, but with respondent's action during the time period between the date of the notice of deficiency and the date the case was conceded by respondent. The facts show that petitioners made every reasonable attempt to resolve this case during the administrative proceeding after receiving the notice of deficiency during the Spring of 1990, both pro se and with legal counsel. On July 3, 1990, petitioners notified the Internal Revenue Service that the notice of deficiency was not mailed to petitioners' last known address. On July 18, 1990, petitioners requested an appeals conference to discuss the last known address problem. A revenue officer responded and summarily rejected petitioners' claim stating that the notice of deficiency was mailed to petitioners' last known address. The revenue officer made no attempt to determine the facts or petitioners' position on the last known address issue. On July 24, 1990, petitioners *141 were informed that there were no further administrative remedies available before the Internal Revenue Service. Nonetheless, on July 30, 1990, petitioners made another attempt to inform the revenue officer of the last known address problem. It was not until the petition was filed on August 13, 1990, that respondent made any reasonable attempt to determine the facts concerning petitioners' position that the notice of deficiency was not mailed to their last known address. After receiving the administrative file, respondent's counsel immediately conceded this case by filing the above motion to dismiss for lack of jurisdiction. We think the action by respondent's counsel clearly shows that had respondent been the least bit attentive to petitioners' attempt to resolve this case during the administrative proceeding, this matter would have been quickly resolved. Instead, respondent refused to give any consideration to petitioners' plea to reasonably consider their contention that the notice of deficiency was not mailed to their last known address, and, as such, it was invalid. Under the facts of this case, we conclude that respondent's position was reasonable during the proceeding *142 before this Court, but was unreasonable and not substantially justified during the administrative proceeding. Accordingly, petitioners are entitled to an award of litigation costs under section 7430(a) in the amount of $ 1,813.70. An appropriate order will be issued.